IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **RICHMAN TECHNOLOGY CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**ALARM.COM INCORPORATED,**<br><br>Defendant. | Civil Action No.: 6:22-cv-01165<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes Plaintiff, Richman Technology Corporation ("Plaintiff"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Alarm.com Incorporated (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 8,174,378 ("the '378 Patent"), which is attached hereto as Exhibit A and incorporated herein by reference (the "Patent-in-Suit"), pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

### THE PARTIES

2. Plaintiff is a Delaware corporation with a place of business at 7840 Mission Center Court, San Diego, California 92108.

3. Upon information and belief, Defendant is a corporation organized under the laws of Delaware and is registered to conduct business in Texas. Upon information and belief,

Defendant may be served with process c/o C T Corporation System, 1999 Bryan Street – Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) having an established place of business in this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its physical presence, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

9. On May 8, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '378 Patent, entitled "HUMAN GUARD ENHANCING MULTIPLE SITE

SECURITY SYSTEM" after a full and fair examination. The '378 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

10. Plaintiff owns of the '378 Patent, having received all right, title and interest in and to the '698 Patent from the inventors. Plaintiff possesses all rights of recovery under the '378 Patent, including the exclusive right to recover for past infringement.

11. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

12. The invention claimed in the '378 Patent relates to a human security guard oriented system of security service, training and multiple site monitoring, which facilitates communications between real time security hardware real time security alert monitoring, thereby providing human security guards with the latest technology to make them more intelligent and responsive within a complex interactive environment.

13. Claim 16 of the '378 Patent states:

> "16. A method of using a security system, comprising:
> receiving data by a checkpoint system from peripheral
>   equipment comprising at least one of a plurality of sen-
>     sors, video cameras, positioning systems and mobile
>     communication and data processing equipment,
> processing the data,
> relaying information based on the data received from said
>   peripheral equipment to a base station,
> providing a human guard with information based on the
>   data;
> filtering the information from the checkpoint system based
>   on comparison to context data comprising recent histori-
>   cal data;
> logging the information from the checkpoint system,
> processing the information from the checkpoint system,
> reporting the information from the checkpoint system at
>   the base station to provide a security system status and
>     facilitate human Supervision, situation analysis, deci-

sion making, and intervention." See Exhibit A.

14. Defendant commercializes, inter alia, systems and/or methods that meet all the limitations recited in at least one claim of the '378 Patent. More particularly, Defendant commercializes, inter alia, systems and/or methods that meet all the limitations recited in Claim 16 of the '378 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a system and/or method that encompasses that which is covered by Claim 16 of the '378 Patent.

## DEFENDANT'S PRODUCT(S)

15. Defendant offers solutions, such as "Alarm.com Smart Home Solutions" (the "Accused Product")[1], that includes continuous high definition recording, anytime live streaming, smart clip capture with secure cloud storage, and instant video alerts..

16. A non-limiting and exemplary claim chart comparing the Accused Product of Claim 16 of the '378 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

17. As recited in Claim 16, the Accused Product monitors, protects and automates the home. The devices in the security system includes thermostats, video cameras, lights, locks, and a stream video recorder (SVR) for continuous recording. See Exhibit B.

18. As further recited in Claim 16, the SVR ("checkpoint system") continuously records video from the camera. The SVR converts the video in different video codecs. The SVR also functions as a network video recording device which is seamlessly connected to cloud by which users can view 24/7 recording. See Exhibit B.

19. As further recited in Claim 16, the Accused Product video analytics users can assign virtual zones with the help of trip lines in order to observe when someone or something

---

[1] The Accused Product is just one of the products provided by Defendant, and Plaintiff's investigation is on-going to additional products to be included as an Accused Product that may be added at a later date.

has passed through certain area or region of interest, which avoids unnecessary alerts. See Exhibit B.

20. As further recited in Claim 16, the Accused Product uses real time insights and its video analytics engine for object classification such as animal, vehicle or a person which is considered as processing of the information. See Exhibit B.

21. As further recited in Claim 16, the Accused Product, in case of any irregular activity, sends an alert message to the user's mobile phone. The alert message includes a video clip so that user can see what's happening at their home. The alert message includes the camera which detected something, what was detected, time and a recorded video clip. The user can watch the recorded video clip for taking further actions.

22. The elements described in the preceding paragraphs are covered by at least Claim 16 of the '378 Patent. Thus, Defendant's use of the Accused Product is enabled by the system described in the '378 Patent.

## INFRINGEMENT OF THE PATENT-IN-SUIT

23. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

24. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the Patent-in-Suit.

25. Defendant has had knowledge of infringement of the Patent-in-Suit at least as of the service of the present Complaint.

26. Defendant has directly infringed and continues to directly infringe at least one claim of the Patent-in-Suit by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this

Court.  As a direct and proximate result of Defendant's direct infringement of the Patent-in-Suit, Plaintiff has been and continues to be damaged.

27.     Defendant has induced others to infringe the Patent-in-Suit by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

28.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the Patent-in-Suit, pursuant to 35 U.S.C. § 271.

29.     Defendant has committed these acts of infringement without license or authorization.

30.     As a result of Defendant's infringement of the Patent-in-Suit, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

31.     Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

32.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

**DEMAND FOR JURY TRIAL**

33. Plaintiff demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the Patent-in-Suit either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the Patent-in-Suit;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: November 11, 2022 Respectfully submitted,

SAND, SEBOLT & WERNOW CO., LPA

*/s/ Andrew S. Curfman*
Andrew S. Curfman (Bar No. 0090997)
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
andrew.curfman@sswip.com

ATTORNEY FOR PLAINTIFF